UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BACHUKI KHARSHILADZE,

            Petitioner,           **DECISION AND ORDER**

     v.                                   6:20-CV-06423 EAW

MICHAEL T. PHILIPS, Warden, Buffalo
Immigration Detention Center,

            Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Bachuki Kharshiladze ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner, who is detained pursuant to 8 U.S.C. § 1225(b), contends that he is entitled to release, or in the alternative, a bond hearing. (*Id.* at 7).

For the reasons that follow, the Court grants Respondent's motion to dismiss Petitioner's claim based on the conditions of his confinement (Dkt. 4) and further denies the petition in its entirety, because Petitioner has been provided all the process required by law.

## BACKGROUND

### I. Factual Background

Petitioner is a native and citizen of the country of Georgia. (Dkt. 7-1 at ¶ 5). He unlawfully entered the United States from Canada on foot on December 10, 2018, around

- 1 -

4:00 a.m. (*Id*. at ¶ 6). Approximately half an hour later, Petitioner was apprehended by a Border Patrol agent and taken into custody. (*Id*.). Previously, on July 16, 2018, Petitioner had been arrested by Canadian authorities on charges of shoplifting, possession of property obtained by a crime, assault, and possession of a schedule 1 substance. (*Id*. at ¶ 7; *see also* Dkt. 7-3 at 53-55). Petitioner had been released on a peace bond at the time he unlawfully entered the United States. (Dkt. 7-1 at ¶ 7).

On December 10, 2018, Petitioner was found to be inadmissible and served with a Notice of Expedited Removal. (*Id*. at ¶ 8). On December 11, 2018, a criminal complaint was filed against Petitioner in the United States District Court for the Northern District of New York charging him with eluding examination or inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2). (*Id*. at ¶ 9). Petitioner pled guilty as charged on December 20, 2018, and was sentenced to time served. (*Id*.).

Petitioner was released from the custody of the United States Marshals Service on January 4, 2019, and taken into custody by Immigration and Customs Enforcement. (*Id*. at ¶ 10). On February 15, 2019, Petitioner passed a credible fear interview. (*Id*. at ¶ 11). Petitioner was thereafter placed into full removal proceedings and was served with a Notice to Appear on March 12, 2019, charging him with being removable pursuant to various provisions of the Immigration and Nationality Act. (*Id*. at ¶ 12).

On March 27, 2019, Petitioner appeared before an immigration judge ("IJ") for a master calendar hearing and a bond hearing. (*Id*. at ¶ 14). The IJ denied bond on the basis that Petitioner posed a risk of flight and adjourned the master calendar hearing until April 15, 2019, to allow Petitioner time to obtain legal representation. (*Id*.).

Petitioner appeared *pro se* at the master calendar hearing on April 15, 2019, but the hearing was adjourned to May 8, 2019, because the interpreter failed to appear. (*Id*. at ¶ 15). On May 8, 2019, Petitioner appeared with counsel and conceded the allegations in the Notice to Appear. (*Id*. at ¶ 16). Petitioner was given until May 28, 2019, to file applications for relief from removal, and an individual calendar hearing on the merits was scheduled for June 28, 2019. (*Id*.).

Petitioner did not timely file an application for asylum. (*Id*. at ¶ 17). On May 29, 2019, the IJ deemed Petitioner's request for relief from removal abandoned and ordered Petitioner removed to Georgia. (*Id*.). On June 24, 2019, Petitioner's counsel filed a "bare-bones," unsigned application for asylum, and an accompanying motion to accept late filing. (*Id*. at ¶ 18). The IJ did not consider this application. (*Id*.).

On June 28, 2019, Petitioner, through counsel, appealed the IJ's order of May 29, 2019, to the Board of Immigration Appeals ("BIA"). (*Id*. at ¶ 19). The BIA issued a scheduling order requiring the parties to file briefs by August 20, 2019. (*Id*. at ¶ 20). Petitioner was subsequently granted an extension to September 19, 2019, but no brief was filed by that date. (*Id*. at ¶¶ 20-22). Petitioner obtained new counsel in late September of 2019, and new counsel filed a brief on October 16, 2019, along with a motion asking the BIA to accept the later filing. (*Id*. at ¶ 22).

On November 21, 2019, the BIA issued a decision finding that Plaintiff had been prejudiced due to ineffective assistance of counsel and remanding the matter for further proceedings and to provide Petitioner an opportunity to apply for asylum. (*Id*. at ¶ 23). Petitioner's original counsel moved to withdraw on February 1, 2020, claiming that

Petitioner had failed to disclose to counsel multiple criminal convictions in Georgia and Canada and had further withheld pertinent information about his manner of entry into the United States.  (*Id*. at ¶ 24).

On February 3, 2020, Petitioner and his new counsel appeared before an IJ, and an individual calendar hearing on the merits was scheduled for March 17, 2020.  (*Id*. at ¶ 25).  This hearing was subsequently re-scheduled for April 6, 2020, but Petitioner's counsel failed to appear on that date.  (*Id*. at  ¶¶ 26-27).  The individual merits hearing was ultimately held on April 13 and 27, 2020.  (*Id*. at ¶ 28).  On April 27, 2020, the IJ issued a decision denying Petitioner's applications for relief from removal and ordering him removed to Georgia.  (*Id*. at ¶ 29).

Petitioner made an emergency motion for bond based on the COVID-19 pandemic, which was denied on May 8, 2020.  (*Id*. at ¶ 30).  On May 22, 2020, Petitioner appealed the IJ's decision of April 27, 2020, to the BIA.  Briefing on the appeal was completed in July 2020.  (*Id*. at ¶ 33).  The record before the Court does not reflect any further developments as to Petitioner's removal proceedings.

## II.     **Procedural Background**

Petitioner filed his petition *pro se* on June 23, 2020.  (Dkt. 1).  Petitioner asserts both his ongoing detention violates his right to due process and that his conditions of confinement are unconstitutional because they expose him to an unreasonable risk of contracting COVID-19.  (*Id*.).

On July 17, 2020, Respondent filed a motion to dismiss Petitioner's conditions of confinement claim.  (Dkt. 4).  Petitioner filed a response to the motion to dismiss on August

12, 2020.  (Dkt. 9).  Also on August 12, 2020, Respondent filed his response to the petition. (Dkt. 7; Dkt. 8).  Petitioner did not file a reply.

## DISCUSSION

### I.     Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases.  *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).  District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts.  *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

### II.    Due Process Challenge to Ongoing Detention

It is undisputed that Petitioner, who was apprehended and taken into custody shortly after unlawfully crossing the border, is detained as a "certain other alien" pursuant to 8 U.S.C. § 1225(b).  *See St. Charles v. Barr*, No. 6:20-CV-06061 EAW, __ F. Supp. 3d__, 2021 WL 218686, at *4 (W.D.N.Y. Jan. 22, 2021) (discussing detention of "certain other aliens" under § 1225(b)).  This Court recently determined, pursuant to the Supreme Court's

- 5 -

decision in *Department of Homeland Sec. v. Thuraissigiam*, ___U.S. ___, 140 S. Ct. 1959 (2020), that individuals in Petitioner's position must be deemed on the threshold of entry to the United States and thus are "not entitled to procedural protections beyond those provided by statute." *Gonzales Garcia v. Rosen*, No. 6:19-CV-06327 EAW, 2021 WL 118933, at *6 (W.D.N.Y. Jan. 13, 2021).

Petitioner's legal position is not materially different from the petitioner in *Gonzales Garcia*. As such, the Court's holding in *Gonzales Garcia* mandates the conclusion that Petitioner is not entitled to a bond hearing or to release. Petitioner has been provided with the process to which he is statutorily entitled; this Court cannot order anything more.

### III.  Conditions of Confinement Claim

The Court further finds that Petitioner is not entitled to relief on his conditions of confinement claim. "The Due Process Clause . . . prohibits the federal government from being deliberately indifferent to the medical needs of civil detainees." *Coronel v. Decker*, 449 F. Supp. 3d 274, 282 (S.D.N.Y. 2020). However, in *Gonzales Garcia*, as required by binding Supreme Court and Second Circuit precedent, the Court determined that the rights of an inadmissible alien on the threshold of initial entry "are determined by the procedures established by Congress and not by the due process protections of the Fifth Amendment." 2021 WL 118933, at *4 (quoting *Guzman v. Tippy*, 130 F.3d 64, 65 (2d Cir. 1997)). Thus, there may be an argument that Petitioner cannot maintain a constitutional conditions of confinement claim, but Respondent has not asserted that argument here.

Respondent has argued that Petitioner has failed to demonstrate deliberate indifference, and the Court agrees. "Immigration detainees can establish a due process

- 6 -

violation for unconstitutional conditions of confinement by showing that a government official 'knew, or should have known' of a condition that 'posed an excessive risk to health,' and failed to take appropriate action." *Basank v. Decker*, 449 F. Supp. 3d 205, 214, No. 20 CIV. 2518 (AT), (S.D.N.Y. Mar. 26, 2020) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).  Petitioner has not made such a showing.

The record before the Court indicates that Petitioner suffers from primary hypertension and thus has been deemed at heightened risk of severe illness or death should he contract COVID-19.  (Dkt. 11 at 2).  However, the BFDF has taken appropriate steps to mitigate his risk of contracting the virus.  Petitioner is housed in a cell without a roommate. (Dkt. 4-2 at ¶ 15).  BFDF further is providing unrestricted access to soap, cleaning supplies, and personal protective equipment to all detainees, free of charge, and all BFDF staff are required to wear masks whenever they are in contact with any detainee.  (*Id.* at ¶ 7).  All detainees are given the opportunity to bathe in isolation and are permitted to eat their meals in their cells.  (*Id.*).  On this record, the Court cannot conclude that officials at the BFDF have exhibited deliberate indifference to Petitioner's medical needs.  *See Hassoun v. Searls*, 453 F. Supp. 3d 612, 623 (W.D.N.Y. 2020) (finding deliberate indifference not established because the BFDF had taken "substantial, reasonable steps to prevent the spread of COVID-19 to Petitioner").  The Court thus grants Respondent's request that Petitioner's conditions of confinement claim be dismissed.

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the conditions of confinement claim (Dkt. 4) is granted and the petition (Dkt. 1) is further denied in its entirety. The Clerk of Court is instructed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 16, 2021
           Rochester, New York