UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

BACHUKI KHARSHILADZE,

        Petitioner,                     **DECISION AND ORDER**

      v.                                    6:20-CV-06423 EAW

MICHAEL T. PHILIPS, Warden, Buffalo
Immigration Detention Center,

        Respondent.
───────────────────────────────

## INTRODUCTION

*Pro se* petitioner Bachuki Kharshiladze ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). In his petition, Petitioner, who is detained pursuant to 8 U.S.C. § 1225(b), contended that he is entitled to release, or in the alternative, a bond hearing. (*Id.* at 7). In a Decision and Order ("D&O") dated February 16, 2021, the Court granted Respondent's motion to dismiss Petitioner's claim based on the conditions of his confinement and denied the petition in its entirety. (Dkt. 12). Presently pending before the Court is Petitioner's motion seeking reconsideration of the D&O on grounds that in dismissing the petition, the Court did not adequately consider the issue of the length of his detention. (Dkt. 14). For the reasons that follow, the Court denies Petitioner's motion to reconsider.

## BACKGROUND

I.  **Factual Background**

The factual background of this case is set forth in detail in the D&O, familiarity with which is assumed for purposes of this Decision and Order.

II. **Procedural Background**

Petitioner filed his petition *pro se* on June 23, 2020. (Dkt. 1). In it, Petitioner asserted both that his ongoing detention violated his right to due process and that his conditions of confinement were unconstitutional because they exposed him to an unreasonable risk of contracting COVID-19. (*Id.*).

On July 16, 2020, Respondent filed a motion to dismiss Petitioner's conditions of confinement claim. (Dkt. 4). On August 12, 2020, Respondent filed his answer to the petition, addressing Petitioner's detention claim. (Dkt. 7). On February 16, 2021, the Court issued the D&O, granting the motion to dismiss Petitioner's conditions of confinement claim and also dismissing the petition in its entirety because Petitioner was provided all the process required by law. (Dkt. 12). On February 26, 2021, Petitioner filed the instant motion for reconsideration. (Dkt. 14). Respondent filed a response to the motion for reconsideration on March 23, 2021 (Dkt. 16). Petitioner filed a reply on March 31, 2021. (Dkt. 17).

## DISCUSSION

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th

Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)), *aff'd*, 594 F. App'x 25 (2d Cir. 2015). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam*, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, Petitioner moves for reconsideration of the dismissal of his petition. He argues that he only focused his response to the motion to dismiss on his conditions of confinement claim and that the Court should not have dismissed the petition because his claim of unlawful detention has merit. Contrary to Petitioner's contention, as explained in the D&O, the Supreme Court's recent decision in *Dep't of Homeland Sec. v. Thuraissigiam*, __ U.S. __, 140 S. Ct. 1959 (2020), forecloses the Court's ability to award the relief Petitioner continues to seek in his motion for reconsideration. As addressed in this Court's recent decision in *Gonzales Garcia v. Rosen*, No. 6:19-CV-06327 EAW, ___ F. Supp. 3d ___, 2021 WL 118933 (W.D.N.Y. Jan. 13, 2021), the issue of the process due to individuals who have not effected a legal entry into the United States was resolved by the Supreme Court in *Thuraissigiam*, which reaffirmed its holding in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953). The holding in *Thuraissigiam* requires a conclusion that aliens who are on the threshold of entry into the United States are not protected by the procedural protections of constitutional due process and are thus entitled only to the process authorized by Congress. *Gonzales Garcia,* 2021 WL 118933 at *3-4. Moreover, even were the Court to consider the extensive arguments Petitioner asserts now in the instant motion, none warrant a different outcome here or provide any basis to distinguish *Thuraissigiam*. *See United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); *Sumner v. McCall*, 103 F. Supp. 2d 555,

558 (N.D.N.Y. 2000) (the "demanding standard" for reconsideration is not met where a party merely "make[s] a more persuasive argument" (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)).  Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice, Petitioner's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (Dkt. 14) is denied in its entirety.

SO ORDERED.

                                                                        _____
                                                                        ELIZABETH A. WOLFORD
                                                                        United States District Judge

Dated:      April 19, 2021
                 Rochester, New York